UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL DEPRIEST WATSON-DEAN,

                Plaintiff,                          **FIRST AMENDED COMPLAINT AND JURY DEMAND**

          -against-                            18 CV 6894 (AMD)(RLM)

THE CITY OF NEW YORK, Eric Warren,
Justin Caliguri, Dennis Ustelimov, Ethan Chan,
Juan Fernandez, Ryan Pelant in their individual and
official capacities as employees of the City of
New York,

                Defendants.
------------------------------------------------------------X

        The Plaintiff, MICHAEL DEPRIEST WATSON-DEAN, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

        1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York, against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

        2.     Plaintiff MICHAEL DEPRIEST WATSON-DEAN is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and ITS employees.

4. At all relevant times hereinafter mentioned, defendant Police Officer ERIC WARREN, Shield No. 12959, was employed by the City of New York as a member of the NYPD. WARREN is sued herein in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant Sergeant JUSTIN CALIGURI, Shield No. 1902, was employed by the City of New York as a member of the NYPD. CALIGURI is sued herein in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendant Police Officer DENNIS USTELIMOV, Shield No. 13501 was employed by the City of New York as a member of the NYPD. USTELIMOV is sued herein in his individual and official capacities.

7. At all relevant times hereinafter mentioned, defendant Police Officer ETHAN CHAN, Shield No. 4717 was employed by the City of New York as a member of the NYPD. CHAN is sued herein in his individual and official capacities.

8. At all relevant times hereinafter mentioned, defendant Police Officer JUAN FERNANDEZ, Shield No. 4717 was employed by the City of New York as a member of the NYPD. FERNANDEZ is sued herein in his individual and official capacities.

9. At all relevant times hereinafter mentioned, defendant Sergeant RYAN PELANT was employed by the City of New York as a member of the NYPD. PELANT is sued herein in his individual and official capacities.

10. At all relevant times hereinafter mentioned, defendants John Does One through Four were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

11. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

12. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **FACTUAL ALLEGATIONS**

13. On or about September 5, 2016, at approximately 5:00 am, plaintiff was shot in the arm in the area of Nostrand Avenue and Linden Boulevard, in the County of Kings, City and State of New York.

14. Defendant officers approached plaintiff without justification or provocation and arrested plaintiff.

15. Plaintiff explained to the officers that he was the victim of the shooting and obviously needed medical assistance as he was bleeding profusely from a wound to the left arm.

16. The defendants disregarded plaintiff's requests and handcuffed plaintiff.

17. Plaintiff was in severe pain.

18. Defendants called an ambulance and transported plaintiff to Kings County Hospital where plaintiff's injuries were assessed and treated while plaintiff remained cuffed while guarded by police officers.

19. Plaintiff was then transported to a 67th Precinct where plaintiff was still in pain asking for medical assistance.

20. The defendant ignored plaintiff's requests for some time.

21. The defendants later transported plaintiff to Kingsbrook Jewish Medical Center where plaintiff was given additional medication to relieve his pain and stop the bleeding.

22. Thereafter, plaintiff was transported to the precinct and later to Kings County Central Bookings.

23. The Kings County District Attorney's office declined to prosecute plaintiff.

24. Having spent more than 24 hours in custody, plaintiff was released.

25. Plaintiff never recovered personal property taken by the defendants at the time of his arrest.

26. At all relevant times herein, the defendants were on duty and acted within the scope of their employment.

27. At all relevant times herein, each of the individual defendants participated directly in the arrest of plaintiff even though no probable cause existed for plaintiff's arrest and plaintiff was clearly the victim of a crime in need of medical assistance.

28. To the extent that any of the defendants did not participate personally in this misconduct, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct.

29. Thus, each defendant is responsible for plaintiff's false arrest and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

30. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CAUSE OF ACTION
### (§1983 Claim Against the Individual Defendants)

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the failure to intervene and the falsified version of the facts surrounding the arrest of plaintiff.

34. To the extent that any one of the individual defendants did not personally engage in the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

35. By so doing, the individual defendants subjected plaintiff to false arrest and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries,

6

mental anguish, and the deprivation of his liberty and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
### (False Arrest)

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
### (Malicious Abuse Of Process)

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants issued legal process to place Plaintiff under arrest.

42. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up the fact that plaintiff was a victim of street violence as opposed to the perpetrator of a crime.

43. Instead of performing their duties as officers and seeking to assist plaintiff, they treated plaintiff as a criminal.

44. The individual defendants arrested plaintiff to allow themselves to obtain credit for the arrest.

45. The individual defendants arrested plaintiff to allow themselves to obtain additional overtime.

46. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### **FOURTH CUASE OF ACTION**
**(Failure To Intervene)**

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
### *Monell*

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

54. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

55. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

56. This policy or practice led directly to the violation of countless citizens false arrests as the officers knew there was no basis to arrest them.

57. The officers knew as did the defendant officers in this case that they would be arresting people without a valid basis.

58. The officers knew as did the defendant officers in this case that they would be arresting people without probable cause.

59. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue

9

here and has failed to change its policies, practices and customs to stop this behavior.

60. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

61. These policies, practices, and customs were the moving force behind plaintiff's injuries.

62. Plaintiff was directly injured and suffered damages as a direct result of the City's unconstitutional policy or practice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED:   Brooklyn, New York
         May 3, 2019

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:   All Defendants
      Corporation Counsel of the City of New York

<mark>11</mark>